UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK (ROCHESTER)

| | |
|---|---|
| **LINDA LENZI,**<br>     Plaintiff,<br><br>v.<br><br>**L.L.BEAN, INC.,**<br>     Defendant. | Case No. 6:23-cv-06117-FPG<br><br>JUDGE FRANK P. GERACI, JR. |

**MEMORANDUM IN SUPPORT OF
DEFENDANT L.L.BEAN, INC.'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Plaintiff Linda Lenzi could not have been injured by her alleged boot purchase for the simple reason that it never happened. While she claims to have purchased the Women's Storm Chaser Boots at a particular L.L.Bean store in or around March 2020, L.L.Bean's records definitively prove otherwise.

Specifically, a declaration from L.L.Bean's Director of Store Operations, summarizing its sales records, demonstrates Lenzi could not have purchased the boots "from L.L.Bean's Eastview Mall retail store in Victor, New York in or about March, 2020," as she alleges. L.L.Bean only sold a single pair of the boots in question at that particular store between January 1, 2020 and June 1, 2020, and that sale was to someone other than Plaintiff. The declaration also shows that Lenzi could not have purchased the boots from any store within a 200-mile radius of the Rochester, New York area from January to June, 2020.

1

Lenzi could not have suffered any injury from a purchase that she alleged, but that never happened. And without an injury, she lacks Article III standing to challenge L.L.Bean's advertising for the boots in question, or any other allegedly "similar" boots.

Lenzi knows of this deficiency but chose not to correct it. L.L.Bean informed Lenzi's counsel that it could not locate her purchase, and repeatedly asked for proof of purchase. Lenzi declined. Because Lenzi's purchase could not have occurred as alleged, and she apparently has no evidence to the contrary, she cannot establish standing. The Court should dismiss her case with prejudice.

## II.     FACTUAL BACKGROUND

Lenzi bases her 123-page Complaint upon a single alleged purchase. She claims that she bought the Women's Storm Chaser Boots with a zipper closure (the "Boots") from L.L.Bean's Eastview Mall retail store in Victor, New York "in or about March, 2020" for "approximately $100.00 to $125.00," allegedly based on her understanding that the Boots were "waterproof." (Compl. at ¶ 16.) The next month, "in or about April 2020," Lenzi allegedly got her feet wet while wearing the boots. (*Id.*) Rather than return the Boots that she had just bought, she used them for more than a year and then hired two sets of law firms to sue L.L.Bean, claiming that they were falsely advertised because the side zipper is merely water resistant and not waterproof.

Plaintiff purports to have been injured by purchasing Boots she otherwise would not have bought, at prices she allegedly would not have paid, had she known the zipper was merely water resistant. *See, e.g.*, Compl. at ¶ 193 ("Plaintiff and Subclass members were injured, and continue to be injured … because they would not have purchased the Products, or would not have paid as much for the Products, if the true facts had been known to them.")

The lawsuit does not simply concern the Storm Chaser Boots, but also nine other styles of boots that Plaintiff claims are similar, which she never so much as alleges to have purchased. (*See* Exhibit 1 to Compl.)

Lenzi seeks to bring claims on behalf of a nationwide class of consumers and a New York sub-class for an alleged violation of the Magnusson-Moss Warranty Act (Count I), Breach of Express Warranty, NY UCC 2-313 (Count II), Breach of Implied Warranty of Merchantability, NY UCC 2-314 (Count III), Violation of New York General Business Law §§ 349 & 350 (Count IV), and Unjust Enrichment (Count V). However, Plaintiff's lack of Article III standing prevents her from alleging any claim before this Court. The entire Complaint should therefore be dismissed.

### III.  RULE 12(B)(1) REQUIRES DISMISSAL WHERE EVIDENCE DEMONSTRATES THAT THE COURT LACKS SUBJECT MATTER JURISDICTION

Under Article III of the Constitution, the jurisdiction of federal courts is limited to the resolution of "cases" and "controversies." U.S. Const. art. III, § 2. "In order to ensure that this 'bedrock' case-or-controversy requirement is met, courts require that plaintiffs establish their 'standing' as 'the proper part[ies] to bring' suit." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,* 549 F.3d 100, 106 (2d Cir.2008) (alteration in original) (quoting *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)).

To establish standing "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.,* 574 F.3d 92, 96 (2d Cir.2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016); *see also Lewis v. Casey,* 518 U.S. 343, 357 (1996) ("even named plaintiffs who represent a class must

allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class.").

"[A] Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial,' i.e., based solely on the allegations of the complaint and exhibits attached to it, 'or fact-based,' i.e., based on evidence beyond the pleadings." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (citation omitted). Where "a party offers extrinsic evidence that contradicts the material allegations of the complaint, [the Second Circuit has] suggested that it would be error for the district court to disregard that extrinsic evidence." *Id.* at 442 (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016); and *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). Where "jurisdictional facts are placed in dispute," the court has the "obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Harty*, 28 F.4th at 441 (quoting *Tandon*, 752 F.3d at 243).

## IV. EVIDENCE IN SUPPORT OF L.L.BEAN'S FACTUAL CHALLENGE

As discussed in the Declaration of L.L.Bean's Director of Store Operations, Christopher Diagostino, L.L.Bean's records revealed no sales of the Boots in question from the Victor, New York location in March 2020. (Diagostino Decl. at ¶¶ 3–8.)

L.L.Bean twice expanded its search in order to identify Plaintiff's alleged purchase. First, it expanded its search temporally for the Victor, NY store's sales of the Boots between January 1, 2020 and June 1, 2020. (*Id*. at ¶¶ 4-5.) The records revealed only one sale in that six-month period, but that sale took place on January 3, 2020 (which is hardly "in or about March, 2020"), and was to a consumer other than Lenzi. (*Id*.) L.L.Bean then expanded its search geographically, to encompass all stores within a 200-mile radius of Rochester, NY. (*Id*. at ¶ 7.) Still, it found no records of any sale to Plaintiff between January and June of 2020—and only eight in-store sales of the Boots to other people, which L.L.Bean confirmed were not made by Plaintiff. (*Id.*)

4

After L.L.Bean's records revealed no evidence of the sale serving as the reason for Lenzi's Complaint, L.L.Bean's counsel asked Lenzi's counsel to provide proof of Plaintiff's purchase. (Declaration of M. Brooks at ¶ 3.)  Lenzi's counsel ignored the request, so L.L.Bean's counsel repeated the request.  (*Id*. at ¶¶ 4-5.)  Again, Lenzi's counsel refused the request, so L.L.Bean asked a third time.  (*Id*. at ¶¶ 6-8.)  To date, Lenzi has still refused to provide any evidence of any purchase—much less evidence of the sole purchase upon which she bases her Complaint.  (*Id*. at ¶ 9.)

V. **LENZI LACKS ARTICLE III STANDING BECAUSE SHE COULD NOT HAVE MADE THE PURCHASE AS ALLEGED, AND THEREFORE WAS NOT INJURED**

Because—as the attached evidence shows—Lenzi's alleged purchase is a factual nullity, she lacks standing to pursue a claim based on her alleged purchase of the Boots.

Lenzi cannot establish two thirds of the requirements for standing.

***First***, she cannot establish an injury-in-fact based on a purchase that never happened. Plaintiff's alleged injury stems from her purchase, "in or about March, 2020" of "the Women's Storm Chaser Boots with a zipper closure from L.L.Bean's Eastview Mall retail store in Victor, New York … for approximately $100.00 to $125.00." (Compl. at ¶ 16.)  But that purchase is demonstrably fictional—so Plaintiff could not have been injured as a result of this alleged purchase. (Diagostino Decl. at ¶¶ 3–8.)   Nor did Plaintiff buy the Boots in any other store near where she lived, at any time during the six-month period in question.  (*Id.*)  In light of this evidence demonstrating that Lenzi was not a purchaser of the Boots as alleged, her claims must be dismissed. *See, e.g., Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011) (affirming district court's dismissal of action where evidence outside of pleadings supporting factual 12(b)(1) challenge demonstrated plaintiff failed to establish standing).

*Second*, Lenzi cannot establish causation. She claims that her injury was caused by L.L.Bean's selling a defective product at its Victor, NY store in or around March 2020. But again, no such sale occurred. (Diagostino Dec. at ¶¶ 3-8.) So it could not have caused Lenzi's alleged injury.

Without a purchase, Lenzi has no possible injury-in-fact caused by L.L.Bean's conduct. Without such an injury, she lacks standing. Without standing, Lenzi lacks a case or controversy, and this Court lacks subject matter jurisdiction. The Court should grant L.L.Bean's motion and dismiss Lenzi's Complaint under Rule 12(b)(1).

## VI.   CONCLUSION

Lenzi has not and cannot meet her burden to establish injury-in-fact. Her Complaint should be dismissed in its entirety, pursuant to Rule 12(b)(1).

Respectfully submitted,

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

*/s/ Michael Dominic Meuti*
Michael D. Meuti (0087233)
200 Public Square, Suite 2300
Cleveland, OH 44114
Ph: (216) 363-6246
Fax: (216) 363-4588
mmeuti@beneschlaw.com
*Counsel for Defendant L.L. Bean, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I caused a true and accurate copy of the foregoing Memorandum in Support of Defendant L.L.Bean, Inc.'s Motion to Dismiss to be served upon the following via the Court's ECF system:

Joseph N. Kravec, Jr.
429 Fourth Avenue
Law & Finance Building
Suite 1300
Pittsburgh, PA 15219
Ph: (412) 281-8400
Fax: (412) 281-1007
jkravec@fdpklaw.com
*Counsel for Plaintiff Linda Lenzi*

　　　　　　　　　　　　　　　　　　　　*/s/ Michael Dominic Meuti*
　　　　　　　　　　　　　　　　　　　　Michael D. Meuti