UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK (ROCHESTER)

| | |
|---|---|
| **LINDA LENZI,** <br>        Plaintiff, <br><br> v. <br><br> **L.L.BEAN, INC.,** <br>        Defendant. | Case No. 6:23-cv-06117-FPG <br><br> JUDGE FRANK P. GERACI, JR. |

**REPLY IN SUPPORT OF DEFENDANT L.L.BEAN, INC.'S MOTION TO DISMISS**

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

L.L.Bean's Motion to Dismiss is not a matter of "he-said, she-said," but instead, a case of "L.L.Bean's reliable business records have proved," and "Plaintiff has no evidence in response." The declaration of Christopher Diagostino, filed in support of L.L.Bean's factual challenge, proves that Plaintiff lacks standing because, as a matter of fact, the Women's Storm Chaser 5 Zip boots ("Boots") were not sold to *anyone*, *anywhere* near Plaintiff, at *any time* around March 2020. Because Plaintiff has not produced any credible evidence in response to L.L.Bean's evidence (her own unsupported "say-so" based on her three-year-old memory cannot overcome L.L.Bean's real facts)—and in fact, admits that she does not have a proof of purchase or even the Boots at issue—she cannot establish by a preponderance of evidence that jurisdiction exists.

By pleading for jurisdictional discovery, Plaintiff now begs for an opportunity to search for evidence that her counsel should have collected from her well over a year ago. Obtaining a proof of purchase is the absolute minimum legwork that any lawyer should undertake before filing

1

a nationwide class action lawsuit based on that supposed purchase—especially a lawsuit that brings serious fraud allegations against a national retailer. If Plaintiff's counsel never asked their client for such evidence, that is a problem. If they asked for it and Plaintiff was unable to produce any such evidence, that should have raised red flags. And red flags were unmistakably flapping after L.L.Bean repeatedly told Plaintiff's counsel that it had no record of her purchase, and repeatedly asked for proof of purchase —a fact that should have triggered a voluntary dismissal.

Plaintiff and her counsel had yet another opportunity to dismiss after seeing L.L.Bean's motion to dismiss and the Diagostino declaration, which made clear that the basis for Plaintiff's claims was fictitious. But rather than dismissing the case when confronted with this evidence, Plaintiff and her counsel doubled down. This Court should not waste any more of its time (or L.L.Bean's) with a case addressing a purchase that simply did not happen as alleged.

Plaintiff's Opposition resorts to Rule 408 communications, hearsay evidence, and a host of irrelevant commentary about L.L.Bean's boots, return policy, and prompt removal of the statements at issue, to avoid the question of standing. Plaintiff's merit-based arguments and innuendo are red herrings. L.L.Bean's arguments are based on a simple, threshold issue: No purchase, no injury. And no injury, no jurisdiction. The Court therefore need only weigh the evidence presented by both parties to determine whether she made her purchase as alleged, without getting entangled in more complicated merits issues.

When stripped of Plaintiff's distractions, all that is left is Plaintiff's unsupported insistence that jurisdiction exists. As a matter of law, that cannot suffice. *See, e.g., Beal v. Lindsay*, 468 F.2d 287, 291 (2d Cir. 1972) (plaintiff "cannot rest on the allegations of the complaint but must adduce factual material which raises a substantial question of the veracity or completeness of the movant's showing or presents countervailing facts.") Because the presumption of truth does not apply to a

factual challenge brought under Rule 12(b)(1), the Court should reject Plaintiff's conclusory assertions that standing and jurisdiction exist and dismiss this case.

## II. PLAINTIFF MUST ESTABLISHING HER OWN STANDING

A party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) ("a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading.") (citing cases).

"When the movant comes forward with facts showing that his adversary's case is baseless, the opponent cannot rest on the allegations of the complaint but must adduce factual material which raises a substantial question of the veracity or completeness of the movant's showing or presents countervailing facts." *Beal*, 468 F.2d at 291; *see also Carter*, 822 F.3d at 57 (plaintiffs "need to come forward with evidence of their own to controvert that presented by the defendant") (citations omitted); *Cangemi v. United States*, 13 F.4th 115, 132 (2d Cir. 2021). That rule makes good sense. After all, "the plaintiff has the burden of establishing standing by a ***preponderance of evidence***." *Teleservices Jamaica, Ltd. v. W. Telemarketing Corp. Outbound*, 395 F. Supp. 2d 24, 26 (S.D.N.Y. 2005), *aff'd*, 206 F. App'x 35 (2d Cir. 2006) (emphasis added, citation omitted).

If the plaintiff introduces evidence to support her alleged standing, then the Court must weigh each side's evidence and "will need to make findings of fact" to decide whether jurisdiction exists. *Carter*, 822 F.3d at 57; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (the Court has the "*obligation* to decide issues of fact"). Significantly, "there is no presumptive truthfulness to the facts alleged in the complaint." *Russo v. City of Hartford*, 184 F. Supp. 2d 169, 178 (D. Conn. 2002) (citing *Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). Plaintiff has "the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Makarova*, 201 F.3d at 113.

3

## III. PLAINTIFF HAS NOT SUFFERED INJURY-IN-FACT

### A. L.L.Bean's Sales Records Contradict Plaintiff's Standing Allegations

In support of its 12(b)(1) factual challenge, L.L.Bean offered the declaration of its Director of Store Operations, Christopher Diagostino, who established that Plaintiff could not have made her purchase as alleged. L.L.Bean's evidence is precisely the type of "evidence beyond the pleading" that the Court should consider on a Rule 12(b)(1) motion. *See, e.g., Carter*, 822 F.3d at 57; *see also Stewart v. Vista Point Verlag*, No. 99 CIV. 4225 (LAP), 2000 WL 1459839, at *4 (S.D.N.Y. Sept. 29, 2000), aff'd, 20 F. App'x 91 (2d Cir. 2001) (finding Plaintiff's jurisdictional allegations "untenable" where Defendant "submitted evidentiary material affirmatively disproving plaintiff's unfounded allegation" that its travel guides were sold to New York residents).

If Plaintiff did not in fact make the purchase at issue, she lacks standing and the Court lacks jurisdiction. She does not dispute this no-purchase, no-standing maxim. Instead, she quibbles with the Diagostino Declaration, suggesting that it does not conclusively negate her allegation that she bought the Boots, while still offering no evidence to prove her purchase, other than her bare allegation. To address those quibbles, L.L.Bean now submits a supplemental Diagostino Declaration (the "Supp. Decl.") addressing Plaintiff's newly raised concerns and providing additional detail regarding the sales data referenced in the original Declaration.

### B. Plaintiff Has Failed to Establish Her Own Individual Standing in Response to L.L.Bean's Factual Challenge

Because L.L.Bean introduced evidence contradicting Plaintiff's jurisdictional claims, Plaintiff was required to come forward with her own evidence establishing standing. *Beal*, 468 F.2d at 291. Plaintiff's self-serving, unsupported declaration falls woefully short of proving by a preponderance of evidence that Plaintiff actually made her purchase as alleged.

A Plaintiff "opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual

issues exist." *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir. 1976), *modified sub nom*. *Chem. Bank v. Arthur Andersen & Co.*, 726 F.2d 930 (2d Cir. 1984) (additional citations omitted); *Contreras v. Toyota Motor Sales U.S.A., Inc.*, 484 F. App'x 116, 118 (9th Cir. 2012) (affirming dismissal because "plaintiffs did not present evidence … to establish injury-in-fact, although ***it was their burden*** to establish standing") (emphasis added).

As in other cases, "[t]he conclusory allegations in [Plaintiff's] affidavit are not sufficient to create a material issue of fact." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (citations omitted); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 146 (2d Cir. 2001) ("the conclusory nature of [a plaintiff's] allegations alone would give [the court] pause before we would allow them to sustain jurisdiction"); *Cormier v. Gebo*, No. 7:12-CV-1176 MAD/TWD, 2014 WL 4771897, at *6 (N.D.N.Y. Sept. 24, 2014); *Belcher v. Serriano*, No. 95–CV–1340, 1998 WL 173169, *1 (N.D.N.Y. Apr. 9, 1998).

Here, Plaintiff has no evidence, beyond her contradicted memory, that she ever bought the Boots: She admits she doesn't have a receipt. (Opp. at 2, 4, 17.) She admits she doesn't have a credit card statement. (Opp. at 3.) She admits she does not even have the Boots themselves. (Opp. at 4.) And she cannot even remember when or where she got rid of them. *Id.* She does not even attempt to identify any witness who saw her purchase or ever even wear the Boots. Plaintiff's insistence that she made a purchase cannot outweigh L.L.Bean's reliable business records. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 105 (2d Cir. 2011) (granting summary judgment in favor of defendant that "submitted competent and persuasive evidence," where the plaintiff "relied almost entirely on her own testimony" in response).

Plaintiff's cited cases do not move the needle. They involved defendants who brought motions based on the plaintiffs' *lack* of evidence. But here, L.L.Bean has introduced *affirmative*

evidence proving that the purchase at issue never could have happened.[1]  In light of that evidence, it is now *Plaintiff*'s burden to prove by a preponderance of evidence that the purchase at issue actually took place.  Cases placing the burden of proof on the defendant are therefore inapposite.

> **C.  Plaintiff Has Not Offered Evidence that Raises a "Substantial Question" as to the Reliability of L.L.Bean's Evidence**

Nor can Plaintiff avoid her evidentiary burden by insisting that L.L.Bean's evidence might not be reliable, or that discovery could theoretically reveal contradictory evidence.  Although a plaintiff can survive a Rule 12(b)(1) motion by "adduc[ing] factual material which raises a substantial question of the veracity or completeness of the movant's showing," *Beal*, 468 F.2d at 291, Plaintiff's Opposition attaches no such evidence.

Plaintiff's motion and her counsel's declaration[2] lean heavily on an online article about L.L.Bean's "Buy Online, Pickup in Store" service (the "Service").  *See* Ex. 4 to Kravec Decl.  First, per the article, the Service did not even launch until September 2021—18 months after Plaintiff's alleged purchase.  The article merely discusses a brief lag (14 minutes, later reduced to 4) between when a store ran out of inventory and when the website reflected that lack of inventory.  That lag raises no question, much less a "substantial" one, about the reliability of L.L.Bean's *sales* records—records that must be accurate for tax and other business purposes.  Supp. Decl. ¶ 4.

Plaintiff also attempts to challenge the admissibility of L.L.Bean's evidence.  However, evidentiary standards for pretrial motion practice are not the same as those that apply at trial.  For example, to survive summary judgment, a party does not have to produce evidence in a form that

---

[1] In *Mosely v. Vitalize Labs, LLC*, No. 13 CV 2470 (RJD) (RLM), 2015 WL 5022635 (E.D.N.Y. Aug. 24, 2015) (cited in Opp. at 10) the defendant emphasized the fact that some of the retailers where the plaintiff claimed to have shopped had never actually sold the product at issue.  However, the plaintiff there also claimed to have bought the product from a retailer who had sold the relevant product at the time of the alleged purchase.  Plaintiff here makes no such allegations.

[2] Counsel's argumentative declaration violates Local Rule 7(a)(3) and should be stricken.

would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, (1986); *see also* Fed. R. Civ. P. 56(c)(2). If a document contains hearsay, but the statements may be introduced in an admissible form at trial, courts overrule the hearsay objection at the summary-judgment stage. *See, e.g., In re Soundview Elite Ltd.*, 543 B.R. 78, 101 (Bankr. S.D.N.Y. 2016) ("a court must focus on what Civil Rule 56(c)(2)…actually says. It provides for the exclusion of matter that *cannot* be presented in a form that would be admissible in evidence—not that it *is not* so presented." (emphasis added)).

Thus, the relevant question here is whether L.L.Bean would ultimately be able to present the relevant evidence in an admissible form. *See Santos v. Murdock,* 243 F.3d 681, 683 (2d Cir. 2001) (summary-judgment affidavits "must be admissible themselves or must contain evidence that will be presented in an admissible form at trial."); *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 215 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009) (same); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 924 (2d Cir. 1985) (same); *Abdel-Karim v. EgyptAir Airlines*, 116 F. Supp. 3d 389, 409 (S.D.N.Y. 2015), *aff'd sub nom. Abdel-Karim v. Egyptair Holding Co.*, 649 F. App'x 5 (2d Cir. 2016) (same). L.L.Bean satisfies that standard. If the case were to proceed to trial, Mr. Diagostino could testify consistently with his declaration as to his qualifications, the reliability of L.L.Bean's sales database, and that searching for Plaintiff's alleged purchase reveals no results. *See* Supp. Decl. ¶¶ 2-8. Any sales records (or here, the lack thereof) would be admissible under FRE 806(6)(B), as they "are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of L.L.Bean to maintain such records." Diagostino Decl. ¶ 2; *see also* FRE 701, 702 and 703.

No wonder courts routinely accept "affidavits" and declarations as evidence in deciding

7

factual challenges to jurisdiction. *See, e.g., Carter*, 822 F.3d at 57; *see also* Fed. R. Civ. P. 56(c)(1)(A) ("affidavits or declarations" are appropriate ways to set forth facts in support of or against summary judgment).[3]  Indeed, it would be an error for the Court to ignore such evidence. *See Harty*, 28 F.4th at 442 (citations omitted).

Plaintiff's "personal knowledge" objection also fails because "it is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records." *Thomas v. Buffalo Club*, No. 17-CV-1050-LJV-HBS, 2021 WL 716703 (W.D.N.Y. Feb. 24, 2021) (citing *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 272 (S.D.N.Y. 2016)); *see also Gucci Am., Inc. v. Ashley Reed Trading, Inc.*, No. 00 CV 6041 (RCC), 2003 WL 22327162, at *3 (S.D.N.Y. Oct. 10, 2003).  Regardless, Mr. Diagostino's declaration establishes his personal knowledge, by explaining that he regularly evaluates L.L.Bean's sales records as Director of Store Operations. *See also* Supp. Decl. ¶ 4.

### D.     The Court Must Decide the Disputed Factual Issue Now

Given L.L.Bean's evidence undermining Plaintiff's jurisdiction, the Court must weigh the evidence presented to determine whether the purchase at issue actually ever even happened. *Harty*, 28 F.4th at 441 (2d Cir. 2022) ("where 'jurisdictional facts are placed in dispute'…the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits'") (quoting *Tandon*, 752 F.3d at 243).  This issue is not too intertwined with the merits of the case for the Court to decide now.  If that were the case, then no party could ever bring a 12(b)(1) factual challenge, because every factual question would also be a merits question. *Cf. Gwinn v. Laird Superfood, Inc.*, No. 22CV2883 (DLC), 2022 WL 17363585, at *2 (S.D.N.Y. Dec.

---

[3] By contrast, the declaration submitted by Plaintiff's counsel is wholly improper. *See, e.g., Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, fn. 8 (N.Y.S.D. 2002) (noting "articles and newspaper clippings do not rise to the level of competent evidence [which] the court has authority to take into consideration…in deciding a motion to dismiss for lack of subject matter jurisdiction").

1, 2022) ("The plaintiff's standing to sue … is a threshold question in every federal case.").[4]

### IV. JURISDICTIONAL DISCOVERY SHOULD BE DENIED

The Court should deny Plaintiff's futile request for jurisdictional discovery. The two Diagostino Declarations provide the Court and Plaintiff's counsel with all the evidence needed to determine that the alleged purchase never happened. As Plaintiff has not met her burden to demonstrate standing, her request for jurisdictional discovery should be denied out the gate. *See Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975); *Zappia*, 215 F.3d at 253.

Moreover, courts routinely deny requests for discovery where, as here, the plaintiff does not identify "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244–45 (2d Cir. 2004) (citing cases); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (refusing to open discovery based on "conclusory non-fact-specific jurisdictional allegations"). "[A] court ... does not abuse its discretion in denying jurisdictional discovery 'if the party seeking discovery cannot articulate a reasonable basis for the court first to assume jurisdiction.' " *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) (citation omitted).[5]

---

[4] Plaintiff's cited cases are inapposite. In *Sik Gaek, Inc. v. Yogi's II, Inc.*, the defendant argued "that the plaintiff [did] not have standing to bring the Lanham Act claims in the Complaint for two reasons: first, because the assignment under which the plaintiff asserts ownership of the Sik Gaek trademark is invalid, and second, in the alternative, because the plaintiff abandoned the mark." No. 10-CV-4077 ARR VVP, 2013 WL 2408606, at *4 (E.D.N.Y. June 3, 2013). *Takeda Chem. Indus. v. Watson Pharm., Inc.* concerns federal question jurisdiction for an inducement action brought under federal patent law. 329 F. Supp. 2d 394, 402 (S.D.N.Y. 2004).

[5] This is also not a case where the jurisdictional facts at issue are solely within L.L.Bean's knowledge—if Plaintiff had actually bought the Boots, she would have a proof of purchase and the Boots themselves—neither of which she has. Moreover, L.L.Bean has already proactively produced evidence of the contents of its internal sales records.

Plaintiff's Opposition sheds no light on any evidence supposedly in the possession of L.L.Bean that would rescue her from her inability to meet her burden to demonstrate standing.[6] Plaintiff's Motion for Jurisdictional Discovery essentially concedes that Plaintiff is on a fishing expedition for discovery to "test the reliability of the inventory and sales records." Dkt. 13 at 4. L.L.Bean has already produced documents proving that Plaintiff could not have made her purchase as alleged. *See* Supp. Decl., Exh. ¶¶ 6-8. Plaintiff's counsel has not demonstrated a sufficient reason for this Court to order an evidentiary hearing or jurisdictional discovery.

L.L.Bean has been patient in this case: it proactively advised Plaintiff's counsel that its records showed that Plaintiff could not have purchased the Boots as alleged. Once it was obvious through L.L.Bean's own evidence that there was "no there, there," the case should not have continued. But L.L.Bean was still forced to undergo even more expense to bring this Motion. And now, without any evidence to controvert L.L Bean's, Plaintiff asks the Court for a fishing license.

## V. CONCLUSION

Plaintiff admittedly does not have the Boots. There is no evidence she ever bought the Boots. No Boots, no injury. No injury, no standing. No standing, no jurisdiction.

Requiring L.L.Bean to continue defending itself against Plaintiff's demonstrably baseless claims would undermine Article III and needlessly waste the Court's and both Parties' resources. Under Rule 12(b)(1), the Court should dismiss her Complaint in its entirety.

Respectfully submitted,

                              **BENESCH FRIEDLANDER COPLAN &**
                              **ARONOFF LLP**

                              */s/ Michael Dominic Meuti*
                              Michael D. Meuti (0087233)

---

[6] In support of Plaintiff's Motion for Jurisdictional Discovery (Dkt. 13), Plaintiff's counsel attaches an affidavit containing a broad list of proposed discovery categories that have nothing to do with L.L.Bean's sales, such as numerous requests concerning L.L.Bean's inventory systems.

200 Public Square, Suite 2300
Cleveland, OH 44114
Ph: (216) 363-6246
Fax: (216) 363-4588
mmeuti@beneschlaw.com

Stephanie Sheridan (CA 135910)
*Pro Hac Vice forthcoming*
Meegan B. Brooks (CA 298570)
*Pro Hac Vice pending*
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
*Counsel for Defendant L.L.Bean, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I caused a true and accurate copy of the foregoing Memorandum in Support of Defendant L.L.Bean, Inc.'s Motion to Dismiss to be served upon the following via the Court's ECF system:

Joseph N. Kravec, Jr.
429 Fourth Avenue
Law & Finance Building
Suite 1300
Pittsburgh, PA 15219
Ph: (412) 281-8400
Fax: (412) 281-1007
jkravec@fdpklaw.com
*Counsel for Plaintiff Linda Lenzi*

*/s/ Michael Dominic Meuti*
Michael D. Meuti