# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK (ROCHESTER)

| | |
|---|---|
| **LINDA LENZI,** | Case No. 6:23-cv-06117-FPG |
| Plaintiff, | JUDGE FRANK P. GERACI, JR. |
| v. | |
| **L.L. BEAN, INC.,** | |
| Defendant. | |

## SUPPLEMENTAL DECLARATION OF CHRISTOPHER DIAGOSTINO IN SUPPORT OF DEFENDANT L.L.BEAN, INC.'S MOTION TO DISMISS

I, Christopher Diagostino, declare under penalty of perjury:

1. This Declaration is respectfully submitted to supplement the declaration I previously executed in support of L.L.Bean, Inc.'s ("L.L.Bean") motion to dismiss (the "Declaration").

2. This declaration, like my original Declaration, is based on my personal knowledge and/or the business records of L.L.Bean. To the extent this declaration is based upon L.L.Bean's business records, those records are collected, stored and archived in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of L.L.Bean business to archive such records. If later called upon as a witness, I could and would competently testify to the matters stated herein.

3. I have worked at L.L.Bean's Retail department since 2015 and am currently the Director of Store Operations. As the head of the Store Operations department, my responsibilities

include developing sales strategies and performance goals, managing inventory, implementing new retail initiatives, analyzing detailed records, evaluating sales performance, and generally making sure all L.L.Bean stores in the United States run smoothly.

4.      Because a large part of my position involves evaluating in-store sales data, I am very familiar with L.L.Bean's processes for creating, storing, and maintaining sales records. As I stated in my original Declaration, L.L.Bean tracks all sales of all products, in all stores, regardless of method of payment. L.L.Bean relies on these sales records for tax and other financial purposes, such as calculating revenue and profits. To my knowledge, these records are fully accurate.

5.      It is my understanding that Ms. Lenzi has filed a declaration stating that she bought the Women's Storm Chaser Boots 5, Zip (the "Boots") at L.L.Bean's store in Eastview Mall in Victor, New York (the "Store") in March, 2020.

6.      I testified in my previous declaration that L.L.Bean's records show that the Boots were not sold in the Store between January 4, 2020 and June, 2020 (the "Time Period").

7.      Attached as **Exhibit A** is a true and correct screen grab showing the criteria used to search L.L.Bean's archived sales records for Plaintiff's alleged purchase, and the corresponding search results. The database was searched for any purchase(s) of the Boots made in the Store during the Time Period. As shown in Exhibit A, Site 0810 refers to the Store. The search is based on the style number for the Boots, which encompasses all sizes and colors of the Boots (40 variations).

8.      The fact that the search results show "No values found" means that L.L.Bean has no record of any sale of the Boots at the Store during the Time Period. Because every transaction is recorded in the regular course of business, regardless of payment method, it is therefore my belief that no such sale occurred.

9.      I have reviewed the Yahoo! News article Exhibit 4 to the Declaration of Joseph N. Kravec, Jr., filed in support of Plaintiff's Opposition brief (https://news.yahoo.com/inside-l-l-bean-200-171438625.html).  This article discusses a service launched by L.L.Bean in September, 2021, which allowed customers to place orders for in-store inventory from the website, which they could then promptly pick up in-stores (the "Service").  I played a leading role in developing, launching, and managing the Service.  Chrissy Atwood, the employee quoted in Exhibit 4 to Mr. Kravec's declaration, is a colleague of mine.

10.      It is my understanding that Plaintiff has suggested that L.L.Bean lost track of inventory in connection with the Service.  This is incorrect.  Plaintiff appears to be referencing the fact that when a store sold out of a given product, it initially took over ten minutes for the website to update to reflect that the item was out-of-stock in that given store.  This lag-time, which was remedied to be less than five minutes, had no impact on the reliability of L.L.Bean's sales records and involves a different system.  Regardless, because the Service was not launched until September 2021, it would not have impacted any purchase made in March 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2023                     By: _____
                                             Christopher Diagostino