UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA LENZI, on behalf of herself and all others
similarly situated,

          Plaintiff,

                     Case # 23-CV-06117-FPG

v.

                     DECISION AND ORDER

L.L. BEAN, INC.,

          Defendant.
_____

## INTRODUCTION

    Presently before this Court is Defendant's motion to dismiss the complaint on the basis that Plaintiff has no boots to stand on. ECF No. 10. Plaintiff's complaint brings claims for: (1) breach of express warranty, (2) breach of implied warranty and merchantability, (3) violation of the Magnuson Moss Warranty Act, (4) Deceptive Practices and False Advertising under New York General Business Law §§ 349 and 350, and (5) Unjust Enrichment. ECF No. 1.

## FACTS

    In March 2020, Plaintiff alleges to have purchased a pair of the Women's Storm Chaser Boots with a zipper closure (the "Boots") from L.L. Bean's Eastview Mall retail store in Victor, New York (the "Store") for approximately $100.00 to $125.00. ECF No. 1 at ¶16. Plaintiff claims that she purchased the Boots because they were labeled and advertised as waterproof. *Id.* However, when Plaintiff was allegedly wearing the Boots during inclement weather one month after purchase, she discovered that the Boots were leaking water. ECF No. 12-1 at ¶7. By this time, Plaintiff claims that she had already thrown away her receipt, and although Defendant's store policy would have allowed it, Plaintiff did not attempt to return the Boots to the store. ECF No. 10-2 at ¶8; ECF No. 12-1 at ¶8. Plaintiff no longer has possession of the Boots because she claims

1

to have given them away to a charitable organization in either late 2020 or early 2021. ECF No. 12-1 at ¶10. Plaintiff filed her complaint against Defendant on February 17, 2023.

Defendant has moved to dismiss Plaintiff's complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff did not purchase the Boots and therefore cannot show that she suffered an injury. In the event of dismissal, Plaintiff moves for jurisdictional discovery. For the following reasons, Defendant's motion to dismiss is granted and Plaintiff's motion for jurisdictional discovery is denied.

## LEGAL STANDARD

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the federal district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). Article III of the United States Constitution limits a federal court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. When a plaintiff cannot establish standing, the case-or controversy requirement is not met, and the federal court has no jurisdiction to hear the case. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

A "plaintiff asserting [standing] has the burden of proving by a preponderance of the evidence that it exists." *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996). This burden is easily met at the pleading stage where it is sufficient for a plaintiff to make "general factual allegations of" standing. *Franklin v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-04935, 2022 WL 256460, at *8 (S.D.N.Y. Jan. 26, 2022). However, where a defendant challenges the factual basis of a plaintiff's standing by proffering extrinsic evidence that "reveal the existence of factual problems" in the complaint itself, the "plaintiff must come forward with evidence of their own to controvert evidence presented by" the defendant. *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 57

(2d Cir. 2016). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to standing." *Id.*; *see also Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) ("Where jurisdictional facts are placed in dispute the court has the obligation to decide issues of fact by reference to evidence outside the pleadings."). Finally, where jurisdiction is "so intertwined with the merits that its resolution depends on the resolution of the merits," the court should use the standard "applicable to a motion for summary judgment" in deciding the jurisdictional facts. *London v. Polishook*, 189 F.3d 196, 198-99 (2d Cir. 1999).

## DISCUSSION

### I. Standing

In order to establish standing, plaintiffs must show that they have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact, (2) that is traceable to a defendant's conduct and (3) likely to be redressed by a favorable decision. *See id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "A concrete injury must be *de facto*; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

In her complaint, Plaintiff sufficiently pled standing by alleging that she was injured by Defendant's alleged mislabeling of the Boots as waterproof because she would not have purchased the Boots otherwise. *See* ECF No. 1 at ¶ 193 ("Plaintiff and Subclass members were injured, and continue to be injured … because they would not have purchased the [Boots], or would not have paid as much for the [Boots], if the true facts had been known to them."). However, Defendant challenges the factual basis of Plaintiff's allegations with extrinsic evidence by arguing that Plaintiff did not purchase the Boots, and therefore, could not have suffered an injury. The "evidence presented by the defendant is material and controverted," accordingly, the Court cannot rely on

3

Plaintiff's complaint as a basis for standing, but rather, is obligated to make a factual determination regarding Plaintiff's standing. *Carter*, 822 F.3d at 57. Here, because the question of Plaintiff's standing depends upon her alleged injury arising from her alleged purchase, and her alleged purchase is the basis of her claims against Defendant, the jurisdiction question is necessarily "so intertwined with the merits," that the Court must apply the summary judgment standard to Defendant's factual challenge. *See London*, 189 F.3d at 198-99.

At summary judgment, Defendant must demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Still, the court must consider whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson*, 477 U.S. at 249 (citation omitted), and grant summary judgment where the nonmovant's evidence is inadequate. *Id.* at 249-50. The nonmovant's evidence "may not rest upon mere conclusory allegations or denials," *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98 (2d Cir. 1997), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A conclusory contradiction of evidence in a self-serving affidavit, unsupported by other evidence, is not by itself sufficient to create a genuine dispute of material fact. *See Zurich Am. Life Ins. Co. v. Nagel*, 590 F. Supp. 3d 702, 714 n. 13 (S.D.N.Y. 2022).

Defendant proffers the declaration of Christopher Diagostino, its Director of Store Operations. This is extrinsic evidence that it argues reveals factual problems in Plaintiff's standing allegations. Mr. Diagostino declares that "based upon my review of L.L. Bean's business records,"

4

between January 1, 2020 and June 1, 2020, the sales records show that only one purchase of the Boots was "made on January 3, 2020, by a customer whose first name is not Linda (or any variation thereof), whose last name is not Lenzi, and whose address is located in Indiana." ECF No. 10-2 at ¶2, ¶4. Defendant also submitted a supplemental declaration from Mr. Diagostino, attached to which is a screen shot of the search results of the sales records from January 4, 2020 through June 2020, showing the absence of any recorded sale during that time period. ECF No. 16-2.[1] Mr. Diagostino certified the screen shot as true and correct. ECF No. 16-1 at ¶7. Defendant offers evidence of the absence of a sale record of the Boots as affirmative evidence that the sale never took place.

Because Plaintiff, whose name is Linda Lenzi, alleges to have purchased the Boots in March 2020, the only reasonable factual inference based on Defendant's evidence alone is that Plaintiff did not purchase the Boots. Absent other evidence, Defendant has demonstrated that there is no "genuine issue of material fact" regarding Plaintiff's lack of purchase. The burden now shifts to Plaintiff to come forward with evidence sufficient to show that there is a genuine issue for trial.

In an attempt to create a genuine dispute of material fact, Plaintiff offers an affidavit recounting her alleged purchase and details surrounding the purchase. *See generally*, ECF No. 12-1. In this affidavit Plaintiff acknowledges that she has no other evidence to support the allegation of her purchase. *Id.* She does not have a receipt. *Id.* at ¶8. She does not even have the Boots. *Id.* at ¶10. She merely offers this self-serving affidavit, unsupported by other evidence, and that alone, is insufficient to create a genuine issue of material fact. *See Zurich*, 590 F. Supp. 3d at 714.

In the absence of other factual support, Plaintiff also argues that Defendant's evidence attacks her credibility as a witness and that credibility determinations should be reserved for the

---

[1] The Court presumes that Defendant only attached a screen shot of the search results starting on January 4, 2020 to protect the privacy of the customer who purchased the Boots on January 3, 2020.

jury. ECF No. 12 at 15. In taking this position, Plaintiff relies on *Mosely v. Vitalize Labs, LLC*, No. 13 CV 2470, 2015 WL 5022635, at *1 (E.D.N.Y. Aug. 24, 2015). In *Mosely*, the defendant's chief argument against the plaintiff's relied on the inconsistencies in Plaintiff's deposition testimony and Plaintiff's inability to produce a receipt of his purchase. The defendant did not proffer any direct evidence of its own to counter Plaintiff's version of events. That is not the case here. Defendant has proffered its own extrinsic evidence that is independent of Plaintiff's testimony and which, alone, tells a story about what boots were purchased when and by whom. Because Defendant has produced such strong evidence in its favor, shifting the standard of review to one that mirrors a motion for summary judgment, the Court need not determine whether Plaintiff's testimony is credible, but rather whether Plaintiff's self-serving affidavit is "sufficient evidence . . . for a jury to return a verdict" in her favor. *Anderson*, 477 U.S. at 249. As previously determined, it is not.

Plaintiff also directly attacks the evidence proffered by Defendant arguing that Mr. Diagostino's declaration is not based on personal knowledge and is therefore nothing more than conclusory hearsay. ECF No. 12 at 18. The Court disagrees.

It is "axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records." *Thomas v. Buffalo Club*, No. 17-CV-1050, 2021 WL 716703, at *4 (W.D.N.Y. Feb. 24, 2021). This flows directly from the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 56(4), "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(4). Where the affiant is a corporate representative, "the plain language of Rule 30 (b)(6) makes clear that a designee is not simply testifying about matters

6

within his or her own personal knowledge, but is speaking for the corporation about matters to which the corporation has reasonable access." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys.*, LLC, No. 10 CIV. 1391, 2013 WL 1286078, at *4 (S.D.N.Y. Mar. 28, 2013); *see also Abbott Laboratories v. Feinberg*, No. 18 CIV. 8468, 2020 WL 7706571, at *1 (S.D.N.Y. Oct. 15, 2020) ("when it comes to using Rule 30 (b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve.... This Court, therefore, will not limit the Rule 30(b)(6) deponent's testimony strictly to matters within deponent's personal knowledge."); *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99 CIV.11490, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002) ("Because Rule 30 (b)(6) witnesses testify on the corporation's behalf, courts routinely hold that such deponents need not have personal knowledge on a given subject, so long as they are able to convey the information known to the corporation.").

Here, Mr. Diagostino is a corporate representative, and his declaration speaks "for the corporation" about its sales records, which is information "to which the corporation has reasonable access." *Soroof Trading Dev. Co.*, LLC, 2013 WL 1286078, at *4. Mr. Diagostino affirms and certifies that the sale records "are collected, stored and archived in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of L.L. Bean [sic] business to archive such records." ECF No. 16-1 at ¶ 2. Mr. Diagostino's declaration goes further to affirm that "L.L. Bean tracks all sales of all products, in all stores, regardless of method of payment. L.L. Bean relies on these sales records for tax and other financial purposes, such as calculating revenue and profits." *Id.* Thus the sales records are admissible as business records under Federal Rule of Evidence 803(6), and the

absence of a recorded sale of the Boots to Plaintiff would be admissible "to prove that the matter did not occur" under Federal Rule of Evidence 803(7)(A).

Plaintiff asserts that Defendant's inventory and sales records are subject to discrepancies. *Id.* at 19. The Court construes this assertion as an argument that Defendant's sales records "indicate a lack of trustworthiness" such that they would be disqualified under 803(6)(E) and 803(7)(C). Plaintiff supports this assertion by referring to a March 26, 2022 news article published in "Yahoo!news" which discusses some challenges that Defendant encountered when its started using a "Buy Online, Pickup in Store" service. ECF No. 12 at 20, ECF No. 12-2 at 90, ECF No. 16 at 6. Plaintiff's argument fails because the online service did not launch until September 2021—18 months after Plaintiff's alleged purchase—so this service and any related discrepancies could not have had an impact on any sale record around the time of Plaintiff's alleged purchase. ECF No. 16 at 6. Plaintiff has not proffered any other evidence to undermine the "trustworthiness" of Defendant's sales records, accordingly, those records are not disqualified under neither 803(6)(E) nor 803(7)(C).

Since sales records are admissible under FRE 803(6), and Mr. Diagostino is a corporate representative testifying to those records, his declaration would be admissible and can be relied upon in resolving the factual dispute as to jurisdiction.

Therefore, the Court has before it (1) Defendant's declaration of its corporate representative that certifies it sales records during the relevant time period, which show that there was no sale of the Boots to any purchaser by the name Linda Lenzi between January and June of 2020 and (2) Plaintiff's affidavit stating that she purchased the Boots in March 2020. Since the only reasonable inference based on Defendant's evidence is that no sale of the Boots took place on the date alleged and Plaintiff's only contradictory evidence is a self-serving affidavit, the Court finds that there is

no genuine dispute regarding Plaintiff's lack of purchase of the Boots and no reasonable jury could conclude otherwise.

Accordingly, because Plaintiff cannot show that she purchased the Boots, Plaintiff cannot show that she suffered an injury arising from the purchase. Plaintiff, therefore, has not established an injury-in-fact sufficient to establish standing. *See Spokeo, Inc.*, 578 U.S. at 340 ("A concrete injury must be *de facto*; that is, it must actually exist."). Further, because Plaintiff does not have standing to bring this suit, this Court does not have subject matter jurisdiction to hear this case and the case is dismissed. *See Amidax Trading Grp.*, 671 F.3d at 145 (stating that plaintiffs must "establish their standing as the proper party to be bring suit" in order for a court to have jurisdiction over the case under Article III of the Constitution.).

**II.     Motion for Jurisdictional Discovery**

In the event of dismissal for lack of standing, Plaintiff has moved for jurisdictional discovery. ECF No. 13. Where subject matter jurisdiction is challenged, "courts have required the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party." *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). However, here, the facts demonstrating jurisdiction are not "peculiarly within the knowledge of the opposing party." *Id.* Rather, Plaintiff has access to as much information about her purchase as Defendant. Moreover, Plaintiff does not seek information about jurisdiction, but instead seeks to find information that would undermine the trustworthiness of Defendant's sales records. Specifically, Plaintiff states that the intention of the jurisdictional discovery would be "to test the reliability of the inventory and sales records Defendant asserts 'definitely prove' Plaintiff did not purchased[sic] the [Boots] from Defendant." ECF No. 13-1 at 7. As previously discussed, Plaintiff offers no reason to distrust Defendant's sales

9

records, especially in light of the fact that such records are made in the regular course of business and relied upon by Defendant "for tax and other financial purposes." ECF No. 16-1 at ¶4. Accordingly, the Court does not find that Plaintiff's requested discovery is warranted, and Plaintiff's motion is denied.

## CONCLUSION

Because the Court has determined that Plaintiff does not have standing to sue and Plaintiff's objections to the Court's factual determination regarding her standing fail, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), ECF No. 10, is GRANTED. Plaintiff's complaint is DISMISSED without prejudice. Plaintiff's motion for jurisdictional discovery, ECF No. 13, is DENIED. The Clerk of Court is respectfully directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 28, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York